SALLY P. BOGUE, ADMINISTRATRIX OF THE ESTATE OF HARDY Z. BOGUE, v.
   MARGUERITE HALL ARNOLD, ALLEN L. ARNOLD AND ESSO STAND-
   ARD OIL COMPANY.

(Filed 29 February, 1956.)

**1. Appeal and Error § 2—**

   No appeal lies from an order allowing a motion to strike allegations of
   the complaint. Rule of Practice in the Supreme Court No. 4 (a).

**2. Appeal and Error § 13a—**

   An attempted appeal from an order entered on motion to strike allega-
   tions from a pleading will be treated as a petition for writ of *certiorari*
   when, and only when, the order appealed from was entered prior to 1 Jan-
   uary, 1956. Even so, the petition will be denied when the record discloses
   no sufficient reason why the exceptions to the rulings on the motion should
   be heard before final adjudication of the cause.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bundy, J.,* at October Term, 1956, of
CRAVEN.

*Harvey Hamilton, Jr., Luther Hamilton, and George B. Riddle, Jr.,*
*for plaintiff, appellant.*
   *Reade, Fuller, Newsom & Graham for defendant Esso Standard Oil*
*Company, appellee.*

JOHNSON, J. Here the plaintiff has attempted to appeal from an
order allowing a motion to strike allegations of the complaint. An
order of this kind is no longer appealable under our rules of practice.
The change was made by Rule 4 (a), which was adopted 19 October,
1955. It provides in part:

   "From and after the first day of the Spring Term 1956, this
   Court will not entertain an appeal:

   . . .

   "(2) From an order striking or denying a motion to strike alle-
   gations contained in pleadings. When a party conceives that such
   order will be prejudicial to him on the final hearing of said cause,
   he may petition this Court for a writ of *certiorari* within thirty
   days from the date of the entry of the order."

The full text of the foregoing rule was published in the 28 October,
1955, issue, and in each of the five succeeding issues, of our Advance
Sheets. It also appears in the last published volume of the Reports,
242 N.C., at page 766.

The plaintiff concedes that by virtue of the new rule, the order entered below is not appealable. However, she moves in this Court to treat her appeal as a petition for writ of *certiorari.* In support of the motion, it has been made to appear that the order allowing the motion to strike was entered in the Superior Court of Craven County on 5 October, 1955, two weeks before Rule 4 (a) was adopted and more than three weeks before it was first published in the Advance Sheets. The motion appears to be meritorious. It is allowed. In consequence, the appeal as docketed will be treated as a petition for writ of *certiorari.*

We deem it appropriate to say that this procedure will be followed in respect to appeals from similar nonappealable orders entered prior to 1 January, 1956. However, Rule 4 (a) will be strictly enforced in respect to orders entered after that date.

The record on appeal discloses these facts: that the plaintiff is here suing to recover damages for the alleged wrongful death of her intestate, Hardy Z. Bogue; that the defendant Esso Standard Oil Company, before answering or otherwise pleading, moved to strike five specifically designated portions of the complaint; that the motion was allowed *in toto;* that the plaintiff excepted to the ruling of the court in respect to each portion of the complaint ordered to be stricken, and excepted to the order allowing the motion.

Our examination of the record, treated as a petition for writ of *certiorari,* discloses no sufficient reason why the plaintiff's exceptions to the rulings on the motion to strike should be heard before final adjudication of the cause. Therefore the petition is denied.

Petition denied.

PARKER, J., took no part in the consideration or decision of this case.